IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY JOSEPH ALEX, I,            :
                                   :
    Plaintiff                      :
                                   :   CIVIL NO. 1:CV-13-0304
    vs.                            :
                                   :   (Judge Caldwell)
JOHN E. WETZEL, *et al.*,          :
                                   :
    Defendants                     :

*M E M O R A N D U M*

I.   *Introduction*

      The pro se plaintiff, Anthony Joseph Alex, I, has filed the following three motions: (1) a motion to compel (Doc. 42); (2) another motion to compel (Doc. 48); and (3) a motion (Doc. 65) seeking the disposition of the motions to compel and the defendants' pending motion for summary judgment. After consideration of the motions, they will be granted in part and denied in part.

II.   *Standard of Review*

      Fed. R. Civ. P. 37(a) allows a party to file a motion to compel discovery when the opposing party fails to respond adequately to a document request propounded pursuant to Fed. R. Civ. P. 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). Pursuant to Fed. R. Civ. P. 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevant information sought in discovery need not be admissible at trial, as long as it "appears reasonably calculated to

lead to the discovery of admissible evidence." (*Id.*)  Relevance is generally "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Funds, Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978).

While generally liberal, permissible discovery is not without limitations; it "should not serve as a fishing expedition." *Provine v. Ambulatory Health Services, Inc.*, No. 13CV-334, 2014 WL 47771, at *2 (M.D. Pa. Jan. 6, 2014).  It is well established that the scope and conduct of discovery are within the sound discretion of the trial court. *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 661-62 (3d Cir. 2003).  "Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment." *McConnell v. Canadian Pacific Realty Co.*, 280 F.R.D. 188, 192 (M.D. Pa. 2011).  A court's decision regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. *Ohntrup v. Makina Ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 296 (3d Cir. 2014).

III.    *Relevant Statement of Facts*

The only claim left in this action is against defendant, J. Bognatz, for retaliation, and asserts that Counselor Bognatz issued Alex a misconduct in retaliation for going over her head and questioning her supervisor regarding Bognatz's denial of a transfer request.  For the limited purpose of addressing Alex's motions to compel the following facts from the Complaint and its attachments are noted.

Alex has an indecent-assault conviction.  Alex is alleged to have telephoned the victim of that offense, his daughter, on September 3, 2012.  On September 24, 2012,

Bognatz issued Alex misconduct B089540 and charged him with two Class I offenses related to that phone call: refusing to obey an order and unauthorized use of mail or telephone. The misconduct report noted that the "date of the report differs from the date of incident due to investigation. Attached are: Authorized Phone List; Cumulative Reports; Request for Correspondence." (Doc. 1-3, ECF p. 8).

After receiving the misconduct, but before his misconduct hearing, Alex called his family and asked that they overnight letters to him affirming that he did not speak with his daughter on September 3, 2012, when he called the Fromville home. (Doc. 1-3, ECF p. 24).

On September 28, 2012, following a misconduct hearing, the Hearing Examiner found "the report of [Ms. Bognatz] more credible than Alex's denial," and found him guilty on both charges. (*Id.*) As a sanction, Alex was sentenced to 90 days' disciplinary custody and his telephone privileges were suspended for 180 days.

On October 2, 2012, Alex filed a misconduct hearing appeal with the Program Review Committee (PRC). (*Id.*, ECF p. 16). On October 10, 2012, after "the Security Office reviewed the telephone call and determined that Alex did not speak with his victim . . . the Program Review Committee [dismissed the] misconduct and prohibit[ed its] recharge."

On October 24, 2012, Alex filed grievance number 422806. In his grievance, Alex stated that he received the false misconduct in "retaliation for [his] pushing for a transfer."[1] (*Id.*, p. 28).

---

[1] On September 23, 2012, Alex sent Ms. Bognatz a request slip stating that after writing Deputy Superintendent Ellett regarding an Incentive Based Transfer she referred him to Bognatz. (Doc. 1-4, ECF p. 7). Ms. Bognatz responded:

(continued...)

In support of his motions to compel, Alex has filed several declarations as well as copies of his discovery requests and defendant's responses. *See* Docs. 42, 45-48. Alex's declarations detail a series of alleged retaliatory events that have transpired since he filed this action. He claims non-defendant prison employees retaliated against him for filing this lawsuit by unjustly placing him in the institution's Restricted Housing Unit (RHU) on February 6, 2013, and then planting contraband in his RHU cell on April 21, 2013. These events are the basis of his entire second request for production of documents.

Defendant Bognatz opposes both motions to compel and defends her original discovery responses. (Doc. 53). Bognatz states that the discovery sought is irrelevant and overly broad or privileged for valid security concerns.

IV. *Discussion*

    A. *Alex's First Request for Production of Documents* (Doc. 36)

    1. *Alex's Complete Prison Record*

Considering the very limited remaining issue in this action, the court agrees with defendant that this request is overbroad and unduly burdensome. (Doc. 42, ECF p. 2.) Defendant correctly notes that Alex's medical records, sentencing information, and other information contained in his prison records are not relevant to these proceedings and are

---

¹(...continued)
    I have already explained — you do not meet criteria — you are scheduled to see parole with 9 months — not eligible if you are on a parole docket in the next 9 months. I already replied to this same request on 9/4/2012 — once you receive a greensheet you can request — need copy of 'green sheet.'

(*Id.*) Ms. Bognatz's response is dated September 24, 2012. (*Id.*)

not likely to lead to the discovery of admissible evidence.  His motion to compel as to this request is denied.

> 2. *The Complete Misconduct Records of B089581 issued 1-31-2013; B089540 issued 9-24-2012; and A343341 issued 12-27-2008*

Plaintiff notes that he has received copies of each of these misconducts but is "missing the investigation report, ICAR notes,[2] and transcripts" from the September 3, 2012, and December 27, 2008, phone calls subject to the latter two misconducts.  (Doc. 42, ECF, p. 1).  Alex asserts that "the reports . . . were used in the misconducts to find me guilty, the documents are essential to discovery."  (*Id.*)  Defendant raises a security objection to the release of the "ICAR notes."  ICAR notes contain "counselor's and other treatment employees' impressions relevant to treatment and, most notably, psychological impressions."  (Doc. 53, ECF p. 4).  Defendant fears the release of this information "would not only foster a lack of candor in the notes, but also provide a basis for inmates to retaliate against staff."  (*Id.*)

With respect to the misconduct reports, Alex does not dispute that the defendant has made copies of the requested misconducts reports, and appeals, available to him.  However, Alex has not explained his rationale as to the relevancy of the ICAR notes to any misconduct, let alone the September 24, 2012 misconduct.  However, the court is mindful that Bognatz is, or was, Alex's counselor, and may have registered notes in the ICAR which may support the basis of his Alex's retaliation claim.  Thus, the court will direct defendants to submit any ICAR notes relating to any of the three identified

---

[2] An inmate's cumulative adjustment record is referred to as an "ICAR."

misconducts, or Alex's September 2012 request for a transfer, authored by Bognatz to the court for in camera review.  If no ICAR notes fall within this description, defendant should state the same.

> 3. *Complete Transcripts of Phone Calls Made by Alex on: 8-14-12 (3 calls); 9-03-12 (1 call); 9-24-12 (possibly more than one call); 9-25-12 (possibly more than one call); 9-27-12 (possibly more than one call)*

At issue is the retaliatory issuance of a misconduct arising from Alex's telephone call to the Fromville home on September 3, 2012.  Thus, the court does not find the content of Alex's telephone conversations, other than the September 3, 2012 call, relevant to these proceedings.  If there is a transcript of this conversation, it is discoverable and should be produced.  However, defense counsel affirms that no transcript of the September 3, 2012, call exists.  Further, defendant is not required to transcribe existing audio recordings of these calls that might exist in order to provide a transcript to Alex.  Accordingly, Defendant will not be required to provide transcripts of these calls.

> 4. *The complete records of DC-ADM 801 — Final Review, Misconduct No. B089540, by DOC Chief Hearing Examiner Robin M. Lewis*

To the extent that defendant has produced a copy of the misconduct packet associated with B089540 no further production is required.[3]  Defendant Bognatz is not required to provide documents Alex requested from Ms. Lewis.  Alex's motion to compel with respect to this request is denied.

---

[3] The misconduct packet should include a copy of the misconduct, Alex's appeal to the PRC, the PRC's response, Alex's appeal to the Chief Hearing Examiner and her response.

B.  *Alex's Second Request for Production of Documents* (Doc. 45)

Although defendant did not specifically address Alex's challenge to her responses to his second document request, Alex supplied a copy of her responses for the court's review.  (Doc. 45, ECF pp. 3-6).  Based on our review, defendant's discovery response supports the general objection of relevancy.  (*Id.*)

In his second request, Alex seeks discovery related to events that occurred after the filing of this lawsuit and involve non-defendants.  The events that lead to Alex's placement in the RHU, and the alleged planting of contraband in this RHU cell, are not relevant to the issue of retaliation by Counselor Bognatz.  If Alex wishes to litigate those events, he must file a separate action.  On this basis, defendant's objections to Alex's second request for production of documents are sustained.

C.  *Alex's Motion Requesting a Ruling on his Motion to Compel and Defendant's Motion for Summary Judgment*  (Doc. 65)

Based on the court's rulings on Alex's motions to compel, his unbriefed letter motion is denied.[4]  The court will address defendant's motion for summary judgment in due course.

An appropriate order follows.

               /s/ William W. Caldwell
               William W. Caldwell
               United States District Judge

Date: February 2, 2015

---

[4]  Local Rule 7.5 requires a party to file a brief in support of any pretrial motion.